

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-12-00058-CR

| | | |
|---|---|---|
| Angel Soto | § | From the 432nd District Court |
| | § | of Tarrant County (1215211D) |
| v. | § | December 6, 2012 |
| | § | Opinion by Justice Dauphinot |
| The State of Texas | § | (nfp) |

## JUDGMENT

This court has considered the record on appeal in this case and holds that there was error in the trial court's judgment. We modify the trial court's judgment to delete the deadly weapon finding. It is ordered that the judgment of the trial court is affirmed as modified.

SECOND DISTRICT COURT OF APPEALS

By_____
Justice Lee Ann Dauphinot



## COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-12-00058-CR

ANGEL SOTO                                                          APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

----------

FROM THE 432ND DISTRICT COURT OF TARRANT COUNTY

----------

### MEMORANDUM OPINION[1]

----------

The jury found Appellant Angel Soto guilty of failure to stop and render aid, enhanced by a deadly weapon finding, and assessed his punishment at six years' confinement. The trial court sentenced him accordingly, and he now appeals, challenging the sufficiency of the deadly weapon evidence and arguing that the trial court reversibly erred by excluding evidence of the complainant's intoxication. Because we hold that the trial court correctly excluded irrelevant evidence but that

---

[1]*See* Tex. R. App. P. 47.4.

the evidence is insufficient to support the jury's deadly weapon finding, we delete the affirmative deadly weapon finding and affirm the trial court's judgment as modified.

On September 19, 2010, Appellant struck Cornilio Hernandez, the complainant, with his vehicle and then drove away from the scene. The complainant died as a result of the accident. A few hours after the accident, Appellant turned himself in and signed a confession admitting that he had left the scene of the accident without stopping to render aid.

Appellant was charged by indictment with failure to stop and render aid, enhanced by a deadly weapon allegation. At trial, the State called Dinette Mancilla, who testified that she had called 911 to report seeing a pedestrian struck by a vehicle, that she had stopped to assist the complainant, that she had observed a young Hispanic man driving the car that hit the complainant, and that the young Hispanic man had driven away from the scene. The State also called Jacquelin Wilson, who drove by the scene immediately after the accident. Wilson testified that at the scene, a woman asked her to follow the green car leaving the scene. Wilson called 911, reported the car's license plate, and, after following the car to a house, returned to the accident scene.

The State also called Fort Worth Police Detective Trina Davis, who testified about the crime scene and about locating the house identified by Wilson, where Davis learned that the driver of the fleeing car was Appellant.

3

At trial, when Appellant asked Davis about "items as a result of [her] investigation" that she "became aware that [the complainant] had," the State objected on relevance grounds, and the trial court sustained the objection. The trial court then held a bench conference, at which Appellant argued that he wanted to elicit evidence that the complainant had been on drugs at the time of the accident and that the evidence was relevant because "the reason that [the complainant] stepped out in front of [Appellant] is because he had all these drugs in his system." The trial court asked Appellant to explain why whether the complainant had had drugs in his system at the time of the accident was relevant to Appellant's failure to stop and render aid, given that the evidence "would not go to a defense" to the charged offense. Appellant argued that "it's not directly to a defense, . . . but it's part of the story, and it won't make sense to the jury without . . . all the facts." The State objected to evidence about any drug use by the complainant under evidence rule 404, and the trial court sustained the objection on that basis and on the ground that the evidence was hearsay. The trial court granted the State's motion in limine and ruled that before asking any questions touching on whether the complainant had any alcohol, narcotics, or other controlled substances in his system, Appellant should approach the bench outside the presence of the jury.

The State later called Dr. Lloyd White, a contract pathologist with the Tarrant County Medical Examiner's Office, who had performed the complainant's autopsy. In compliance with the trial court's order on the motion in limine, Appellant approached the bench and informed the trial court that he wished to cross-examine

4

White about the complainant's toxicology report. Appellant stated that he wanted to ask White, "[T]he fact that the guy was intoxicated and walked out in front of the car, is that part of his cause of death, and if not, why not?" The trial court allowed Appellant to take White on voir dire outside the presence of the jury. At the conclusion of the voir dire, the State objected that the evidence was "absolutely not even relevant to the elements of this offense." The trial court ruled that based upon White's conclusion that the cause of death was blunt force trauma from the accident and that the drugs in the complainant's system were not a contributing factor, testimony concerning the complainant's intoxication or use of controlled substances was not relevant, and any probative value was substantially outweighed by the prejudicial effect of the evidence.

The jury found Appellant guilty of failure to stop and render aid and also found that his car was used as a deadly weapon.

In his first issue, Appellant argues that the evidence is insufficient to support the jury's deadly weapon finding. The State candidly agrees. As opposed to assault and manslaughter, the gravamen of the offense for which Appellant was convicted, failure to stop and render aid, is "leaving the scene of the accident."[2] Consequently, the relevant time period for determining whether Appellant used or exhibited his automobile as a deadly weapon is the time period of the commission of the offense.[3]

---

[2]*Cates v. State*, 102 S.W.3d 735, 738 (Tex. Crim. App. 2003).

[3]*See id.*

That is, the question of whether Appellant used or exhibited his automobile as a deadly weapon is the time period *after* the complainant was hit.[4]  The *Cates* court held that the evidence was insufficient to prove the defendant had operated his vehicle in a manner capable of causing death or serious bodily injury after the defendant was involved in an accident.[5]

Similarly, Appellant was charged with using his motor vehicle as a deadly weapon during the commission of failure to stop and render aid.  That is, he was accused of using his automobile as a deadly weapon as he left the scene of the accident in which the complainant was struck.  Both the State and Appellant point out that no witness claimed to have observed Appellant driving recklessly from the scene and that there was no evidence to support the deadly weapon finding.

The sufficiency of the evidence is measured under the standard of *Jackson v. Virginia*.[6]  In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[7]  There is no evidence from any source

---

[4] *See id.*

[5] *Id.* at 738–39.

[6] *Id.* at 738 (citing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979)).

[7] *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012).

from which the jury could have found that Appellant operated his vehicle in a manner capable of causing death or serious bodily injury as he failed to stop and render aid and drove away from the scene of the accident after he struck the complainant. We sustain Appellant's first issue in part.

Appellant also requests in his first issue that we remand this case to the trial court for a new trial on punishment. In cases such as this one, in which the deadly weapon finding has no effect on the grade of offense or range of punishment,[8] the proper remedy, absent other reversible error, is to delete the deadly weapon finding and affirm the trial court's judgment as modified, not remand the case for a new trial on punishment.[9] We therefore overrule the remainder of Appellant's first issue.

In his second issue, Appellant argues that the trial court reversibly erred by refusing to allow him to present evidence of the complainant's intoxication to the jury. Appellant contends that the complainant's intoxication is relevant to the cause of his death and to the complainant's fault in the accident causing his injuries and death. But, as discussed above, the offense of failure to stop and render aid involves only actions taken after the accident.[10] The complainant's intoxication or sobriety when he was struck or his degree of fault in the accident, therefore, is not

[8] *See* Tex. Transp. Code Ann. § 550.021(c)(1) (West 2011) (providing that an offense involving an accident resulting in death or serious bodily injury is a third-degree felony and omitting any mention of a deadly weapon).

[9] *Williams v. State*, 970 S.W.2d 566, 566 (Tex. Crim. App. 1998); *see Cates*, 102 S.W.3d at 739.

[10] *Cates*, 102 S.W.3d at 738.

relevant to whether Appellant failed to stop and render aid.[11]   We overrule Appellant's second issue.

Having sustained Appellant's first issue in part, we modify the trial court's judgment to delete the deadly weapon finding, and having overruled the remainder of his issues, we affirm the trial court's judgment as modified.

LEE ANN DAUPHINOT
JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  December 6, 2012

---

[11]*See id.*; *see also* Tex. Transp. Code Ann. § 550.021(a)–(b) (West 2011) (providing elements of offense); Tex. R. Evid. 401 (providing definition of "relevant evidence"), 402 (providing that irrelevant evidence is inadmissible).